**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

NOT FOR PUBLICATION

|  |  |  |
|---|---|---|
| AVERY MICHAEL JACKSON III, | ) | |
| | ) | |
| Plaintiff, | ) | No. 25-1952 |
| | ) | |
| v. | ) | Filed: June 4, 2026 |
| | ) | |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**<u>MEMORANDUM OPINION AND ORDER</u>**

Plaintiff Avery Michael Jackson III, proceeding pro se, filed this breach of contract action against the United States. According to Plaintiff, by failing to process Plaintiff's GSA-Form Bonds and discharge his commercial paper liability, the Government breached Plaintiff's alleged contract with the U.S. Department of the Treasury ("U.S. Treasury"). The Government moved to dismiss Plaintiff's Complaint pursuant to Rule 12(b)(1) of the Rules of the United States Court of Federal Claims ("RCFC"), arguing that Plaintiff failed to put forth a well-pleaded allegation that he entered into a contract with the United States. In response, Plaintiff moved to strike the Government's Motion as frivolous. Plaintiff has also filed a Motion for Summary Judgment reiterating the arguments made in his Complaint. For the reasons stated below, the Court **GRANTS** the Government's Motion to Dismiss, **DENIES** Plaintiff's Motion to Strike, and **DENIES AS MOOT** Plaintiff's Motion for Summary Judgment.

## I.    BACKGROUND

On November 13, 2025, Plaintiff filed his Complaint seeking relief for an alleged breach of contract. Pl.'s Compl., ECF No. 1. In addition to the United States, the Complaint names as

defendants: the Chesterfield County Circuit Court, numerous federal and state officials, and several private attorneys. *See id.* at 1. Presumably, many of these defendants were involved in the civil lawsuits filed by various companies against Michigan Neurosurgical Institute, P.C. (the professional corporation under which Plaintiff practices medicine), which gave rise to the commercial paper liability Plaintiff contends was discharged. Plaintiff specifically sued several Internal Revenue Service ("IRS") agents, likely in connection with his claim that he discharged his outstanding federal tax liability, which currently exceeds one million dollars.

As best the Court can discern, Plaintiff's Complaint alleges that he tendered "GSA-Form Bonds" to the United States to discharge his "outstanding commercial paper liability." *Id.* at 6–7; *see also* Pl.'s Compl., Ex. 2 at 54, ECF No. 1-2 (attaching a purported $100,000,000 "self backed bond based on [Plaintiff's] future earnings" (capitalization removed)); Pl.'s Resp. to Mot. to Dismiss and Mot. to Strike Gov't's Mot. to Dismiss with Mem. of Law in Supp. at 9–10, ECF No. 12 (clarifying that Plaintiff allegedly presented GSA-Form Bonds "through Global Solutions Limited Company (UK)" to discharge "commercial paper liabilities . . . for penal sums codified at Title 27 CFR §72.11 'commercial crimes' defined and/or those commercial crimes found in the Hobbs Act" (emphasis omitted)). The United States allegedly "failed to perform discharge" and thus breached its purported contract with Plaintiff. ECF No. 1 at 7. Plaintiff accordingly contends that the Court has Tucker Act jurisdiction to hear his breach of contract claim. *See id.* at 1–2. In addition to this contractual theory, Plaintiff alleges that the Court has jurisdiction because "there exists an issue as to setoff in the relation between Plaintiff and a fiscal agent of the United States . . . pursuant to Title 28 USC §1503 – setoffs." *Id.* at 2 (citation modified).

Plaintiff asks the Court to: (1) require that "the bonds tendered in accord with . . . [Plaintiff's] [c]ontract with the U.S. Treasury[] be honored, processed, and

acknowledged;" (2) "discharge[]" the "commercial paper liability(ies);" (3) "[p]rovide plaintiff a full final accounting, a 1099, a '**zero balance due**' document if d/b/a defendant is a Clerk of Court in a Court (civil or criminal);" and (4) "[p]lace the 'd/b/a defendant' on probation due to their inability or unwillingness or ignorance as to their failure to process, discharge, and release plaintiff from all commercial liability(ies) at issue." *Id.* at 8 (emphases in original). In the "Amount Claimed" section of his Cover Sheet, Plaintiff wrote "see acct statement." ECF No. 1-1 at 1. Plaintiff attached this Accounting Statement to his Complaint, which listed Plaintiff's amount claimed as $61,080,648.25. ECF No. 1-2 at 1282.

The Government moved to dismiss Plaintiff's Complaint for lack of subject-matter jurisdiction on February 11, 2026. Gov't's Mot. to Dismiss for Lack of Subject Matter Jurisdiction, ECF No. 9. According to the Government, Plaintiff fails to allege sufficient facts to show the existence of a valid contract with the United States. *Id.* at 3. The Government emphasizes that the exhibits attached to Plaintiff's Complaint do not support his claimed contract with the United States and instead demonstrate that Plaintiff is relying on a frivolous sovereign citizen theory. *Id.* at 4–6. In response to Plaintiff's attempt to invoke this Court's set-off jurisdiction under 28 U.S.C. § 1503, the Government argues that such jurisdiction only extends to counterclaims brought by the United States and is thus irrelevant here, where no such counterclaim has been made. *Id.* at 6–7. The Government also contends that the Court lacks jurisdiction to hear Plaintiff's claims against defendants other than the United States. *Id.* at 7.

Plaintiff filed his response by leave of the Court on March 9, 2026. *See* ECF No. 12. In his response, Plaintiff disputes that the Court lacks subject-matter jurisdiction, emphasizing that the deposit of his birth certificate in the U.S. Treasury via a Treasury Direct Account established a contractual relationship between Plaintiff and the United States. *See id.* at 2–5. Plaintiff's

response further requests that the Court (1) "acknowledge that plaintiff is a secured party in relation to defendant," (2) "enforce the discharge for plaintiff's commercial paper liabilities," (3) "strike defendant's Answer in the Form of a Motion to Dismiss," and (4) "grant plaintiff's requested relief in the Complaint, ECF 1 and the Accounting Statement." *Id.* at 20 (emphasis in original).

On March 25, 2026, the Government filed a reply, arguing that Plaintiff's response "fails to address the jurisdictional defect explained in [the Government's Motion to Dismiss]" and thus "the Court should disregard his response in its entirety and dismiss the complaint." Gov't's Reply in Supp. of its Mot. to Dismiss for Lack of Subject Matter Jurisdiction at 1, ECF No. 14. The Government notes that "this Court has already found a lack of jurisdiction upon identical assertions" because they "fail to present any non-frivolous allegation of a contract between the plaintiff and the United States." *Id.* at 2 (citing *Nelson v. United States*, No. 25-1543, 2026 WL 775630, at *1–2, 5–6 (Fed. Cl. Mar. 17, 2026); *Anderson v. United States*, No. 25-1544, 2025 WL 3720429, at *3–5 (Fed. Cl. Dec. 23, 2025)). The Government also claims that Plaintiff's Motion to Strike is improper, as such a motion may only be directed at a pleading. *Id.* at 3–4. Plaintiff did not file a reply in support of his Motion to Strike. The Government's Motion to Dismiss and Plaintiff's Motion to Strike are both ripe for the Court's review.

On May 1, 2026, while the Government's Motion to Dismiss was pending before the Court, Plaintiff filed a Motion for Summary Judgment with Affidavit and Memorandum with Points and Authorities. ECF No. 15. In the filing, Plaintiff reiterates his claim that "any and all tax/commercial liability (if real) has been paid/discharged" and emphasizes that "Defendant(s) have had more than 60 days to Answer the complaint." *Id.* at 1–2 (emphasis omitted).

## II.   LEGAL STANDARDS

### A.   Dismissal for Lack of Jurisdiction

The United States Court of Federal Claims is a court of limited jurisdiction. *Massie v. United States*, 226 F.3d 1318, 1321 (Fed. Cir. 2000). Before the Court can reach the merits of a plaintiff's claim, it must first assure itself of the existence of subject-matter jurisdiction. *See Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999). If the Court lacks subject-matter jurisdiction, it must dismiss the action. RCFC 12(h)(3); *see also* RCFC 12(b)(1). The Court's power to hear a case "may be challenged at any time by the parties or by the court." *Folden v. United States*, 379 F.3d 1344, 1354 (Fed. Cir. 2004) (citing *Fanning, Phillips & Molnar v. West*, 160 F.3d 717, 720 (Fed. Cir. 1998)). While the Court holds pro se plaintiffs to a less stringent standard than plaintiffs with attorney representation, pro se plaintiffs still bear the burden of establishing the Court's jurisdiction by a preponderance of the evidence. *See Riles v. United States*, 93 Fed. Cl. 163, 165 (2010) (citing *Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Taylor v. United States*, 303 F.3d 1357, 1359 (Fed. Cir. 2002)).

When deciding a RCFC 12(b)(1) motion to dismiss for lack of subject-matter jurisdiction, the court generally must accept facts alleged in the complaint as true and draw all reasonable inferences in favor of the plaintiff. *Henke v. United States*, 60 F.3d 795, 797 (Fed. Cir. 1995). Where the defendant mounts a factual challenge to the court's subject-matter jurisdiction, however, "only uncontroverted factual allegations are accepted as true for purposes of the motion." *Cedars-Sinai Med. Ctr. v. Watkins*, 11 F.3d 1573, 1583 (Fed. Cir. 1993). "All other facts underlying the controverted jurisdictional allegations are in dispute and are subject to fact-finding . . . ." *Id.* at 1584.

### B.    Tucker Act Jurisdiction

The Tucker Act grants this Court jurisdiction to hear claims against the United States based on the Constitution, an Act of Congress, a regulation of the Executive Branch, or an express or implied-in-fact contract with the United States.  28 U.S.C. § 1491(a)(1).  The Tucker Act, however, is "only a jurisdictional statute; it does not create any substantive right enforceable against the United States for money damages."  *United States v. Testan*, 424 U.S. 392, 398 (1976).  To establish jurisdiction, a plaintiff must identify a separate source of law that "can fairly be interpreted as mandating compensation by the Federal Government."  *United States v. Navajo Nation*, 556 U.S. 287, 290 (2009) (quoting *Testan*, 424 U.S. at 400).  Thus, the Court's jurisdiction under the Tucker Act does not extend to "every claim invoking the Constitution, a federal statute, or a regulation."  *United States v. Mitchell*, 463 U.S. 206, 216 (1983).

Where a complaint raises a breach of contract claim, the plaintiff must plead "a non-frivolous allegation of a contract with the government" to invoke Tucker Act jurisdiction.[1]  *Engage Learning, Inc. v. Salazar*, 660 F.3d 1346, 1353 (Fed. Cir. 2011) (emphasis omitted) (citing *Lewis v. United States*, 70 F.3d 597, 602, 604 (Fed. Cir. 1995)); *see also Trauma Serv. Grp. v. United States*, 104 F.3d 1321, 1325 (Fed. Cir. 1997) ("A well-pleaded allegation in the complaint is sufficient to overcome challenges to jurisdiction.").  "[V]ague, conclusory, or unsupported assertions" of a contract are insufficient to meet this burden.  *Martin v. United States*, No. 2022-1810, 2023 WL 1878576, at *2 (Fed. Cir. Feb. 10, 2023); *see also Perry v. United States*, 149 Fed.

---

[1] To establish a contract with the Federal Government, "four basic requirements must be met: (1) mutuality of intent to contract; (2) lack of ambiguity in offer and acceptance; (3) consideration; and (4) a government representative having actual authority to bind the United States in contract."  *Anderson v. United States*, 344 F.3d 1343, 1353 (Fed. Cir. 2003); *see Kemper v. United States*, 138 Fed. Cl. 1, 18 (2018) ("A well pleaded allegation of an express, or implied-in-fact, contract necessarily includes allegations going to each of the requisite elements of a contract." (quoting *De Archibold v. United States*, 57 Fed. Cl. 29, 32 (2003))).

Cl. 1, 17–19 (2020) (dismissing a breach of contract claim founded on frivolous allegations of a contract with the Government), *aff'd*, No. 2020-2084, 2021 WL 2935075 (Fed. Cir. July 13, 2021); *Czech v. United States*, No. 25-140, 2025 WL 3197897, at \*4 (Fed. Cl. Nov. 13, 2025) (same).

Moreover, a plaintiff "pleading a claim founded on a contract . . . must identify the substantive provisions of the contract . . . on which the party relies." RCFC 9(k). "If a plaintiff fails to comply with RCFC 9(k) and to allege sufficient facts to show that it had a contract with the United States, the court cannot exercise jurisdiction over the claim." *Huntington Promotional & Supply, LLC v. United States*, 114 Fed. Cl. 760, 766 (2014).

### III. DISCUSSION

The Court must grant the Government's Motion to Dismiss for lack of subject-matter jurisdiction pursuant to RCFC 12(b)(1). As a threshold matter, Plaintiff improperly names parties other than the United States, seeks non-monetary relief that the Court has no authority to grant, and attempts to indirectly challenge state court judgments entered against his medical practice. Moreover, though the Court generally has jurisdiction to hear claims based on breach of contract, here, Plaintiff fails to present the non-frivolous allegations necessary to support the Court's jurisdiction over such claims. Finally, to the extent Plaintiff also invokes the Court's set-off jurisdiction, such jurisdiction only extends to counterclaims filed by the United States and thus cannot support Plaintiff's suit.

A.  **To the Extent Plaintiff Attempts to Sue Parties Other Than the United States, Seeks Non-Monetary Relief, and Challenges State Court Judgments, Plaintiff's Claims Are Dismissed for Lack of Jurisdiction.**

This Court lacks jurisdiction to hear claims against all parties other than the United States. *See* 28 U.S.C. § 1491(a)(1). Thus, to the extent Plaintiff is attempting to sue the Chesterfield County Circuit Court; various state and federal government officials; and private individuals as "d/b/a," *i.e.*, doing business as, defendants, ECF No. 1 at 1, the Court must dismiss such claims

7

for lack of jurisdiction. *See United States v. Sherwood*, 312 U.S. 584, 588 (1941) (explaining that the jurisdiction of the Court of Federal Claims "is confined to the rendition of money judgments in suits brought for that relief against the United States, and if the relief sought is against others than the United States the suit as to them must be ignored as beyond the jurisdiction of the court" (citation modified)).

The Court similarly lacks jurisdiction to grant Plaintiff's various requests for non-monetary relief. *See* ECF No. 1 at 8 (asking the Court to ensure the bonds Plaintiff tendered are "honored, processed, and acknowledged;" order a "full final accounting;" and place various defendants "on probation"). In general, the Court of Federal Claims is solely empowered to order monetary relief against the Government. *See United States v. King*, 395 U.S. 1, 5 (1969) (holding that the Court of Federal Claims lacks authority to grant equitable relief absent "an express grant of jurisdiction from Congress"). Congress has only authorized the Court to grant "declaratory and injunctive relief in bid protest cases in connection with government contracting pursuant to 28 U.S.C. § 1491(b)(2)," *Stephenson v. United States*, 58 Fed. Cl. 186, 193 (2003), and certain forms of equitable relief in non-bid protest matters where the relief "is tied and subordinate to a money judgment," *James v. Caldera*, 159 F.3d 573, 580 (Fed. Cir. 1998) (quoting *Austin v. United States*, 206 Ct. Cl. 719, 723 (1975) (discussing 28 U.S.C. § 1491(a)(2)). Plaintiff does not assert a bid protest, nor are Plaintiff's requests for relief collateral to a money judgment.[2] Because the relief requested does not fall within the narrowly defined non-monetary relief that Congress empowered this Court to order, the Court cannot require that Plaintiff's tendered bonds "be honored, processed,

---

[2] Although Plaintiff appears to be seeking $61,080,648.25 related to his outstanding tax liability, the civil judgments entered against his medical practice, and other damages, *see* ECF No. 1-2 at 1282–88, the Court still lacks subject-matter jurisdiction to award such relief because Plaintiff fails to present a non-frivolous allegation that he had a contract with the United States. *See infra* § III.B.

and acknowledged," nor require a "full final accounting," nor place any individual named by Plaintiff "on probation." ECF No. 1 at 8.

The same conclusion applies to Plaintiff's request that the Court discharge his "commercial paper liability(ies)." *Id.* Plaintiff specifically targets civil judgments entered against his medical practice in state court. Pl.'s Compl., Exs. 5–8, ECF No. 1-2; *see also, e.g.*, *id.* at 833 (identifying Exhibit 5 as containing an "Affidavit of Notice [of Discharge] with GSA-Form Bonds attached for [state court case]" (first alteration in original)). Because the Court of Federal Claims "lacks subject-matter jurisdiction to collaterally review decisions by state courts," the Court cannot grant Plaintiff's requested relief relating to these state court judgments. *Hawkins v. United States*, 162 Fed. Cl. 617, 618 (2022) (citing 28 U.S.C. § 1491(a); *Mora v. United States*, 118 Fed. Cl. 713, 716 (2014); *Joshua v. United States*, 17 F.3d 378, 380 (Fed. Cir. 1994)).

**B.     Plaintiff's Complaint Lacks a Non-Frivolous Allegation of a Contract with the United States.**

Plaintiff's Complaint lacks a non-frivolous allegation that he entered into a contract with the United States. As a result, Plaintiff's breach of contract claim must be dismissed for lack of subject-matter jurisdiction.

Plaintiff cites Exhibits 1–10 to the Complaint in support of his contract claim.[3] ECF No. 1 at 2–4; *see also* Pl.'s Compl., Exs. 1–10, ECF No. 1-2. In Exhibit 1, Plaintiff presents what he asserts to be his contract with the U.S. Treasury. ECF No. 1-2 at 31. The alleged contract appears to be a letter Plaintiff sent to various Treasury Department officials attempting to "recognize[] the President of the United States as executive Trustee of the trust created by President Roosevelt in

---

[3] Plaintiff attached to his Complaint over 1,000 pages of exhibits. The significant majority of these pages are duplicative. As a result, the Court only cites evidence where it first appears in the attachments. To the extent the Court found minor differences in the exhibits, they are inconsequential to this decision.

1933" and "acknowledge and accept [Plaintiff's] position as a Beneficiary of the trust." *Id.* at 32–35.  The letter further indicates that the recipients have "thirty (30) days to rebut the foregoing averments . . . or the record will prove that this Notice and Claim is accepted by default, agreed to as fact, and creates a valid and binding contract by tacit procuration and acquiescence." *Id.* at 41.  Exhibit 1 is insufficient to demonstrate the "objective manifestation of voluntary, mutual assent" required for the formation of a contract with the Federal Government.  *Anderson v. United States*, 344 F.3d 1343, 1353 (Fed. Cir. 2003); *see also Harbert/Lummus Agrifuels Projects v. United States*, 142 F.3d 1429, 1434 (Fed. Cir. 1998) ("Silence in and of itself is not sufficient to establish a demonstrated acceptance of the contract . . . ."); *HEALTHeSTATE, LLC v. United States*, 168 Fed. Cl. 624, 645 (2023) (noting that "silence, inaction, or non-responsiveness . . . are insufficient to show a mutual intent to contract between Plaintiff and the Government").  The court in *Anderson v. United States* recently held the same in a case involving a complaint substantially similar to Plaintiff's.  *See* 2025 WL 3720429, at *4 (finding that "[t]he plaintiff created his own trust and sent it to the Secretary of the Treasury" and the "exhibits [did] not reflect that any agent of the United States assented to any purported trust").  Like the plaintiff in *Anderson*, Plaintiff presents no allegation that the Government affirmatively assented to Plaintiff's purported trust or even knew of the trust's existence.  Thus, Plaintiff has not pled a non-frivolous allegation of a contractual relationship with the Federal Government.

Nor can Plaintiff state a non-frivolous allegation of a contract by relying on the evidence in Exhibit 2, which includes a screenshot of a Treasury Direct Account; a statement supposedly providing proof of an open, funded Treasury Direct Account; and Plaintiff's self-backed bond.  ECF No. 1-2 at 54–56.  As the Government points out, "ministerial actions governed by law"—like approving applications for a Treasury Direct Account—"do not create a contract with the

10

United States." ECF No. 9 at 4 (citing *Chattler v. United States*, 632 F.3d 1324, 1332 (Fed. Cir. 2011); *Doe v. United States*, 100 F.3d 1576, 1584 (Fed. Cir. 1996); *Schneiter v. United States*, 159 Fed. Cl. 356, 370 (2022)). The court in *Anderson* squarely rejected this contract theory on the same basis. *See* 2025 WL 3720429, at *5 ("The ministerial action of opening [a Treasury Direct Account] does not create a contract with the United States." (citing *Chattler*, 632 F.3d at 1332)). This is because such ministerial actions fail to demonstrate the requisite express, formal manifestation of the Government's assent to contract. *See Chattler*, 632 F.3d at 1332 (denying plaintiff's claim that the Government was bound by a provision included in a passport application). For similar reasons, applications for Treasury Direct Accounts governed by regulation under 31 C.F.R. § 363.13 (2025) are insufficient to show contract formation. *See D&N Bank v. United States*, 331 F.3d 1374, 1378–79 (Fed. Cir. 2003) (holding that "[a]n agency's performance of its regulatory or sovereign functions" does not "create contractual obligations" on the part of the Federal Government).

The evidence Plaintiff presents in his exhibits indicates his adoption of the sovereign citizen belief that one's birth certificate can serve as the basis for a trust with the Government from which an individual can collect funds.[4] *See, e.g.*, ECF No. 1-2 at 42 (claiming that Plaintiff's "birth certificate is security for the promise of distributions from the trust to [Plaintiff] as[] Beneficiary"); *id.* at 82–89, 127–28 (containing Plaintiff's mailing to the IRS and Plaintiff's "discharged birth certificate" (capitalization removed)); *id.* at 1265 (a purported affidavit from Sir

---

[4] Plaintiff argues that the term "sovereign citizen" "[has] nothing to do with the case at bar." Pl.'s Compl., Notice of and Lodgment of 54 Stat Ch 183, page 178 at 6, ECF No. 1-2; ECF No. 12 at 11. The Court disagrees. Even if Plaintiff does not intend to identify himself as a sovereign citizen, the similarity of his arguments to those of the sovereign citizen movement make it a relevant comparison.

Gary Lee,[5] who claims to affirm that Plaintiff "has a verified, open, funded Treasury Direct Account covering any and all bonds tendered to perform discharge"); *see also Potter v. United States*, 161 Fed. Cl. 24, 28–29 (2022) (discussing this sovereign citizen theory in addition to the sovereign citizen movement more broadly); *Anderson*, 2025 WL 3720429, at *3 n.4 (summarizing a substantially similar claim); *Nelson*, 2026 WL 775630, at *6 (denying a largely identical claim); *Esquivel v. United States*, No. 25-1900, 2026 WL 948627, at *6 (Fed. Cl. Apr. 6, 2026) (same). Plaintiff appears to believe that he can use the funds to discharge his outstanding liabilities, including his federal taxes, ECF No. 1-2 at 90, and the civil judgments entered against his medical practice, *id.* at 916–20, 972–73, 1059–60, 1147–55. There is no basis in the law for such a theory, and Plaintiff's attempt to invoke the Court's jurisdiction based on this argument is frivolous. *See Potter*, 161 Fed. Cl. at 29 (finding that the Court of Federal Claims lacks jurisdiction to hear "fictitious claims" that are "not based in law but in the fantasies of the sovereign citizen movement"); *Miles v. United States*, No. 24-1932, 2025 WL 28368, at *3 n.5 (Fed. Cl. Jan. 3, 2025) ("The Federal Circuit, this Court, and other Judges of the Court of Federal Claims have uniformly found that the Court of Federal Claims lacks jurisdiction over claims based on the sovereign citizen theory as it is invalid and frivolous.").

Further, Plaintiff's "bonds" fail to plausibly allege any government involvement and are not signed by anyone other than Plaintiff. *See, e.g.*, ECF No. 1-2 at 18–26. The Uniform Commercial Code financing statement found in Exhibit 3 also appears to be unrelated to any contract with the United States and does nothing to further Plaintiff's claim that this Court has

---

[5] Plaintiff also listed Exhibit 9 as providing support for this Court's jurisdiction. ECF No. 1 at 3. Though there is a placeholder for Exhibit 9, which states that it contains another affidavit of Sir Gary Lee, ECF No. 1-2 at 1262, no such affidavit is actually included.

jurisdiction.[6] *See id.* at 61–67.  Indeed, in each document titled "Release of Personal Property from Escrow," Plaintiff placed his own name in the blank meant for the identification of "a duly authorized representative of the United States government as a warranted contracting officer." *E.g.*, *id.* at 158.  Plaintiff cannot plausibly allege that he is "a government representative having actual authority to bind the United States in contract," *Anderson*, 344 F.3d at 1353, and thus these bonds cannot serve as the basis for a contract between Plaintiff and the United States.  Plaintiff also attempts to acknowledge the Notice Concerning Fiduciary Relationship on behalf of the former U.S. Secretary of the Treasury and former Treasury Secretary of Puerto Rico, including their names in typeface in the section where the fiduciary is meant to sign.  *See, e.g.*, ECF No. 1-2 at 102, 104.  There is no plausible allegation that these "signatures" are legitimate.

As a result, the Court finds that Plaintiff's Complaint and exhibits do not plead a non-frivolous allegation that Plaintiff had a contract with the United States.  Without a non-frivolous allegation, the Court lacks jurisdiction to entertain Plaintiff's breach of contract claim.

C.    **Plaintiff Cannot Invoke the Court's Set-Off Jurisdiction Under 28 U.S.C. § 1503.**

Plaintiff also attempts to invoke this Court's jurisdiction by asserting that "there exists an issue as to setoff in the relation between Plaintiff and a fiscal agent of the United States . . . pursuant to Title 28 USC §1503 – setoffs."  ECF No. 1 at 2 (citation modified).  Under § 1503, this Court has "jurisdiction to render judgment upon any set-off or demand *by the United States* against any plaintiff in such court."  28 U.S.C. § 1503 (emphasis added).  Thus, *Plaintiff* cannot rely on § 1503 as a jurisdictional basis for his claim because the statutory provision exists to provide the Court with jurisdiction to hear a counterclaim *asserted by the United States*.  *See Martin J. Simko Constr.,*

---

[6] The same conclusion applies to the Uniform Commercial Code financing statements attached to Plaintiff's Exhibits 4–8, *see, e.g.*, ECF No. 1-2 at 91–126, which are more extensive versions of the financing statement contained in Exhibit 3.

*Inc. v. United States*, 852 F.2d 540, 542 (Fed. Cir. 1988) ("The Claims Court has jurisdiction under 28 U.S.C. [§] 1503 . . . to consider counterclaims raised by the government." (citing *Cherry Cotton Mills, Inc. v. United States*, 327 U.S. 536, 539 (1946))). And as the Government aptly notes, the United States "has not counterclaimed against Mr. Jackson for set-off in this Court," thus rendering § 1503 irrelevant. ECF No. 9 at 7.

### D.      Transfer Is Not in the Interest of Justice.

Pursuant to 28 U.S.C. § 1631, the Court of Federal Claims must transfer civil claims beyond its jurisdiction to a court in which the action could have been brought provided that transfer is warranted "in the interest of justice." *Cooper v. United States*, 104 Fed. Cl. 306, 314 (2012) (quoting 28 U.S.C. § 1631). Transfer is not in the interest of justice when a litigant's prior similar complaints filed in district court have been dismissed. *See Mora v. United States*, 118 Fed. Cl. 713, 716–17 (2014). Here, Plaintiff made similar arguments in the cases filed against his medical practice in state court. *See, e.g.*, ECF No. 1-2 at 843–52. He also made similar allegations in the U.S. District Court for the Eastern District of Michigan when challenging the ability of the IRS to levy taxes against him; the court dismissed his case. *See Jackson v. United States*, No. 24-12989 (E.D. Mich. May 22, 2025) (adopting magistrate judge's report and recommendation to dismiss Plaintiff's claim), *appeal dismissed*, No. 25-1530 (6th Cir. Nov. 6, 2025). Thus, the Court finds that transfer to district court under § 1631 is not appropriate.

### E.      Plaintiff's Motion to Strike Is Denied.

The Court must deny Plaintiff's Motion to Strike the Government's Motion to Dismiss. The Government's Motion is not in any way "frivolous," ECF No. 12 at 2 (emphasis omitted), or improper. RCFC 12 permits a party to assert specific defenses, including lack of subject-matter jurisdiction, by written motion filed on or before the time for filing a responsive pleading. RCFC

12(b).  The Government timely filed its Motion stating jurisdictional grounds for dismissal under RCFC 12(b)(1).  Plaintiff's request to strike is therefore denied.

### F.    Plaintiff's Motion for Summary Judgment is Denied as Moot.

Finally, the Court denies Plaintiff's Motion for Summary Judgment as moot.  ECF No. 15. A motion for summary judgment is appropriate where "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  RCFC 56(a).  Having dismissed Plaintiff's Complaint for lack of subject-matter jurisdiction, the Court must deny as moot Plaintiff's Motion for Summary Judgment.

### IV.    CONCLUSION

For these reasons, the Government's Motion to Dismiss pursuant to RCFC 12(b)(1) for lack of subject-matter jurisdiction (ECF No. 9) is **GRANTED**, Plaintiff's Motion to Strike (ECF No. 12) is **DENIED**, and Plaintiff's Motion for Summary Judgment (ECF No. 15) is **DENIED AS MOOT**.  The Clerk is directed to enter judgment accordingly.

    **SO ORDERED**.


Dated: June 4, 2026                          /s/ Kathryn C. Davis
                                             KATHRYN C. DAVIS
                                             Judge

15